ALEX M. GOLDBERG, RELATOR, v. MAYOR AND ALDERMEN OF JERSEY CITY, FRANK HAGUE, ARTHUR POTTERTON, JOHN J. BEGGANS, MICHAEL I. FAGAN AND WILLIAM B. QUINN, BOARD OF COMMISSIONERS OF JERSEY CITY, AND EDWARD SPOERER, SUPERINTENDENT OF BUILDINGS OF JERSEY CITY, RESPONDENTS.

Decided June 14, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relator, *Gross & Gross* (*Isaac Gross,* of counsel).

For the respondents, *Thomas J. Brogan* (*Charles A. Rooney,* of counsel).

PER CURIAM.

This is a matter coming before us on a rule to show cause why a peremptory writ of *mandamus* should not issue directing the mayor and aldermen of Jersey City to grant a permit for the construction of a public garage and show rooms on premises owned by the relator, and located on the easterly side of Baldwin avenue, between Montgomery street and Mercer street, in Jersey City.

From the testimony taken under the rule it appears that the relator's premises are not located in a district zoned by Jersey City against the erection of garages. There is testimony to the effect that there are a number of garages in the neighborhood of the relator's premises. It further appears that the relator's predecessor in title had made an application, accompanied by plans, for the erection of a one-story brick garage, which was to be eighty feet in front and which application was granted, and a building permit issued therefor. But, because the relator's predecessor in title failed to commence the erection of the garage within a year from the date of the issuance of the permit, as required under the building code of Jersey City, the permit automatically expired.

This circumstance seems to have led the relator to make a new application to the superintendent of buildings for a permit, or for a renewal of the old permit, to erect a garage pursuant to the identical plans which had been theretofore approved by the superintendent, and which plans were on file.

The record discloses that no change whatsoever was made in the plans on file, or that there had been a change in the

character of the locality where it was proposed to erect a garage, since the issuance of the permit to the relator's predecessor in title.

There is also testimony tending to show the relator's property cannot be used for any other purpose profitably than that of a garage.

On behalf of the respondents it is argued that the relator's remedy, if he has any, is, properly, by *certiorari,* and not by *mandamus,* since the board of commissioners, to whom the application was made, upon the refusal of the permit by the superintendent, affirmed the action of the superintendent, by also refusing the permit.

A complete answer to this contention seems to us to be, that since there is no board of adjustment of Jersey City, or a board analogous thereto in character, clothed with the judicial power of a board of adjustment, to review the granting or refusing of building permits by building inspectors or superintendents of buildings, and as the board of commissioners of Jersey City is not clothed by legislative enactment with any judicial powers to review the action of the superintendent or to relax or broaden the scope of the building ordinance, its refusal, therefore, to grant the relator's application is subject to *mandamus* proceedings.

The only other ground urged by respondents in their opposition to the granting of a peremptory *mandamus* is, that the failure of the relators to file new plans with the second application for a permit, and for the further reason that the erection of a brick garage carries with it a fire hazard, render the relator's rights to a *mandamus* not clear, and, therefore, a peremptory writ of *mandamus* should not issue.

We think, under the facts disclosed by the testimony taken under the rule to show cause, there is sufficient merit shown for the allowance of an alternative writ of *mandamus,* and an order will be made to that effect.